FILED

**NOT FOR PUBLICATION**

NOV 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAWRENCE JAMES SACCATO,

Plaintiff - Appellant,

v.

DISCOVER FINANCIAL SERVICES, INC.,

Defendant - Appellee.

No. 11-35895

D.C. No. 6:11-cv-03002-HO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Lawrence James Saccato appeals pro se from the district court's judgment

dismissing his action alleging violations of the Fair Credit Reporting Act

("FCRA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999), and we affirm.

The district court properly concluded that 15 U.S.C. § 1681s-2(a) did not create a private right of action and, thus, Saccato failed to state a claim under this section. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009) (holding that 15 U.S.C. § 1681s-2(a) does not create a private right of action). Saccato's argument that the 2010 Federal Trade Commission regulations create a private cause of action is unpersuasive. *See* 15 U.S.C. § 1681s-2(c) (excluding violations of "subsection (a) of this section, including any regulations issued thereunder" from the FCRA's private enforcement provisions).

The district court properly dismissed Saccato's action to the extent that it alleged a violation of 15 U.S.C. § 1681s-2(b) because Saccato failed to allege that a credit reporting agency ("CRA") had notified defendant of his dispute. *See Gorman*, 584 F.3d at 1154 ("[The duties under subsection (b)] arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b).").

**AFFIRMED.**